## No. 916

### EDELSTEIN v. COOK
Ohio Supreme Court
No. 17813. Decided June 19, 1923

**SALES.**

Proof of sale by a druggist of an injurious drug by mistake instead of a harmless drug establishes a case of prima facie negligence entitling recovery unless presumption is rebutted. (For Official Syllabus, see below.)

JONES, J.

#### Epitomized Opinion

Cook sued Edelstein et al, who operated a drug store, in Cuyahoga Common Pleas, alleging that he asked a clerk in the store for a pound of Epsom Salts and was given citric acid instead; that relying on its being Epsom Salts he swallowed a large spoonful of the acid, causing burns to his mouth, throat and stomach, followed by violent vomiting and severe hemorrhages. The court charged the jury that if they found the facts as alleged by Cook to be true, he could recover. The jury returned a verdict for Cook, the court rendered judgment thereon, which was affirmed by the Court of Appeals. Edelstein contended that the court erred in not drawing a distinction between the sale to a customer of a deadly poison and the sale of a drug which is harmful and injurious to the customer but not deadly. In affirming the judgment, the Supreme Court held:

There is no distinction in principle between the sale of a harmful and injurious drug, and a deadly one. The keeping and dispensing of deadly poison may impose greater care upon the druggist, but it is no less an obligation upon his part to see that the order of the customer is complied with and that the customer does not receive in lieu thereof a drug which will cause pain and suffering when innocently taken by him upon the reliance and belief that he is taking the harmless drug asked for. The official Syllabus, 26 Abs. 484, says:

"Where it is alleged that a drug clerk by mistake sold and delivered an injurious drug to a customer instead of a harmless drug asked for, and the customer had innocently swallowed the former upon the reliance and belief that he was taking the latter, and was caused great pain and suffering thereby, a cause of action is stated authorizing recovery."

"In such a case negligence is presumed; proof of the facts above stated establishes a case of prima facie negligence, entitling recovery unless such presumption is rebutted."

Attorneys—Scott & Bissell, Cleveland, for Edelstein; Krueger & Pelton, Cleveland, for Cook.

---

## No. 917

### PITTSBURG COAL CO v. INDUSTRIAL COM.
Ohio Supreme Court
No. 17255. Decided June 12, 1923
To Appear in —— Ohio State Reports

**384. WORKMEN'S COMPENSATION.**

GC. 871-38 does not authorize Supreme Court to review an award under Workmen's Compensation Act—Workmen's Compensation Act held to afford adequate remedy by due course of law.
(For Official Syllabus, see below.)

JONES, J.

#### Epitomized Opinion

In 1916 one William Vargo filed an application with the industrial Commission for an adjustment of a claim wherein he represented that he had received certain injuries while working for the Pittsburg Coal Company. This Company had elected to pay compensation direct to workmen under Section 22 of the Workmen's Compensation Act. The application was denied by the Commission. Two applications for a re-hearing were filed and the claim on each occasion was again denied. In 1920 Vargo died. His widow filed an application for a re-hearing of the claim and in 1921 the Industrial Commission awarded her $3,927.04. It served notice on the employer to pay the same within 10 days. The Company then filed an action in the Supreme Court seeking to review the award of the Commission. In dismissing the petition, the Supreme Court held, in Official Syllabus, as follows:

1. Section 871-38, General Code, does not authorize an employer to invoke the jurisdiction of this court for the purpose of reviewing an award made by the Industrial Commission under the Workmen's Compensation Act.

2. Section 27 of the Workmen's Compensation Act (Section 1465-74 GC.), enacted in 103 Ohio Laws, 82, provides an adequate remedy by due course of law, whereby an employer, when sued for the compensation fixed, may contest all jurisdictional facts necessary to be determined by the Commission before making an award for compensation.

Attorneys—Morton, Irvine & Blanchard, Columbus, for Coal Co.; C. C. Crabbe, Atty. Gen., and R. R. Zurmehly, Columbus, for Commission.